is a member of the Board of Trustees of the University of Michigan.  He Good morning, your honors. Assistant United States Attorney Chris Hale for the United States of America. Largely, my argument is summarized in the brief and it appears that the law on these issues is very clear cut. As to the first issue regarding this allegation of double counting, both the language of the sentencing guidelines and case law that interprets those guidelines states that there is no impermissible counting as it applies to the facts of this case. One minor correction I think opposing counsel may have made a misstatement. It's the government's belief and I think what the record supports is that the defendant's base level is 26, not 28. Two extra points for a stolen gun? Then he had additional points for a stolen gun. Correct, your honor. And that was based upon having a large capacity magazine and two felonies of violence or a controlled substance offense. Mr. Robinson's issue appeared to be based on the appellant's brief that his same priors were used both to enhance his base offense level 226 and also to apply towards his status as an armed career criminal. The guidelines have stated and they are specifically designed to be calculated cumulatively. Even when triggered by the same underlying facts, there's a case out of this district which, or excuse me, the circuit which is referenced in the government's brief, which is the Vizcarro case, which states that double counting is generally permissible unless the text of the guidelines specifically prohibit it. The text of these guidelines make clear it's not prohibited. In fact, there's an application note 12 to the 2K2.1 guideline which states that a defendant who's subjected to an enhanced sentence is an armed career criminal and refers the reader to 4B1.4. In this particular case, Mr. Hale, is there, when the Chapter 4 criminal history, career criminal enhancements apply, does the base offense level still matter? It doesn't, Your Honor, and that would have been the next point. It's not really even double counting because the guideline range at sentencing prior to the responsibility, acceptance of responsibility issue raised was 180 months because of the defendant's classification as an armed career criminal. Prior to that, his guidelines taking the armed career criminal analysis out were 135 to 168 months. Yes, in effect, the Chapter 4 enhancement of the 15-year mandatory minimum, 180 months, trumps the calculation under Chapter 2. With regards to the acceptance of responsibility, as the court's aware and as opposing counsel even stipulated or decided to, there's a broad picture of things that a court may look at a district court in deciding if acceptance of responsibility applies. Merely saying it or pleading guilty is not enough. A court looks at aspects including a defendant's actions and statements all the way through his time of arrest, negotiations with the government, and ultimately sentencing. Here we had a defendant who, at sentencing, and I will say that it appeared that at times he was yelling or raised his voice to the district court, Were you present? I was present, Your Honor, which while I would think is not a good idea, did not appear to drive the court's removal of the acceptance of responsibility. Rather, it was the substance of the defendant's words. Specifically, he said that he, quote, accepted responsibility for a gun that he claimed was not his but rather a friend's, that he had wanted to bring this gun back to the friend but had not done so and was accepting responsibility because he could not, quote, give the charge back to the public, the community, or the friend. That's the reason why he pleaded guilty to that gun charge. The district court specifically noted the defendant did not accept responsibility but rather had tried to argue both guideline calculations in his criminal history and that, quote, his behavior was wholly inconsistent with that of one who had truly accepted responsibility for the conduct. With the removal of the acceptance of responsibility points, the new guideline range of the defendant was 188 to 235 months. The court sentenced him to the low end of that guideline range at 188 months. This is a reasonable sentence. It's only eight months higher than he would have had minus his statements leading to a removal of his acceptance of responsibility. And there's nothing in either the guidelines or the law which would support overturning the district court's determinations or sentence. And unless any of the justices have any other questions, yes, Your Honor, have any questions for me, I will conclude my arguments. Thank you, Mr. Hale. Let's see. Ms. Rashid, rebuttal, please. Addressing specifically the acceptance of responsibility based on the points that the government brought up, mainly that he challenged the acceptance in that it was a friend's gun, that's why he pleaded guilty. Again, I would respectfully suggest that the word so was crucial as part of his elocution. He wasn't blaming the friend. He was explaining the evolution, the flow of events that led him before that court. He was explaining how the incident developed. That wasn't shifting blame or shifting responsibility. That was providing context that the courts should hear under Section 3553 as they make their determination. Regarding the trial court's perhaps position and the government's position, certainly that there was no acceptance because he was arguing the guidelines and his criminal history, perhaps that argument was frivolous. It may very well have been. But it was not a frivolous contesting of relevant conduct. It was a contesting of sentencing issues that an uneducated, untrained man was trying to present to the court at the most important day in that criminal matter. It's true that the trial court sentenced Mr. Robinson to the low end of the new guideline range, to the 188 months, only eight months higher than the mandatory minimum suggested of 180 months. Very respectfully, I would suggest that eight months in custody is eight months in custody. One day in custody is one day in custody. One hour in or out is precious. And that's what Mr. Robinson was trying to make heard. And unless the court has additional questions, I'm prepared to step down. All right. Thank you, counsel. The case is taken under advisement. Our thanks to both counsel.